LANGDON and Another *v.* INGRAM'S Guardian.

CONDITION AGAINST ALIENATION.—A condition that a grantee or devisee shall not alienate for a particular time, or to a particular person, is good.

SAME.—WILL.—A, by his will, devised his real estate to his widow, in trust to receive the rents, and, after retaining one-fourth for herself during her life, to apply one-fourth to the use of each of the three children of the testator, until the youngest child should become of age. After the youngest child should become of age, the widow was authorized to convey to each of the children one-third of the land in fee, subject to her right to take one-fourth of the rents during life, but otherwise the son was to have no power to alienate or incumber the property. The will further provided, that in the event of the death of any of the children, the share of such deceased child should be equally divided between the widow and surviving children, and continue subject to the trust. The youngest son died before the testator. Petition by the guardian of the surviving son to sell his ward's interest in the lands.

*Held,* that until the surviving son arrived at full age, the restriction upon the power of alienation continued, and that the court had no power to order a sale on the petition of the guardian.

APPEAL from the *Tippecanoe* Common Pleas.

GREGORY, J.—*Fletcher Ingram's* guardian filed a petition to sell the interest of the ward in a part of a lot in the city of *Lafayette,* for the reason that the property is situated in a part of the city where there is great danger of the destruction of the buildings by fire; that the property is considered a dangerous risk by the several insurance companies having agencies in the city; so much so, that they refuse to insure a part thereof against loss or damage by fire, and insure the other part at high rates; that in case of the destruction of the buildings, there is no money belonging to the ward with which to rebuild. The only interest the ward has in the property is that derived by the will of his deceased father. That part of the will relating to this property is as follows:

"The residue of my estate, being that situated on said

market space, I give and devise to my wife, in trust to manage the same in such way as she may deem most prudent, to rent the same, receive the rents thereof and dispose of them as follows:

"1. To pay all taxes, expenditures for insurance, repairs, rebuilding, or making any changes she may find advisable in said buildings on said realty, or any other outlays on account thereof.

"2. If the other means hereby provided for that purpose shall prove insufficient to pay my debts, as above provided, then said rents to be appropriated to that purpose, till the same shall pay any balance of said debts.

"3. To appropriate to her own use, absolutely, the one-fourth of the residue of said rents, during her natural life; that is, one-fourth of the net income from said realty, after any debts chargeable thereon are paid.

"4. To appropriate to the use of my three children the remaining three-fourths of said net income, one of said fourths to each of them, as follows: One of said fourths to be paid over to my daughter quarterly, or at such other times as received and ascertained; such payment to be to her personally, and on her separate receipt, and neither she alone, or jointly with her husband, to have power to anticipate, charge, encumber or transfer the same, or any right thereto, or to any part thereof. To use in her discretion the two of said fourths that are given to my two sons, one for the benefit of each, for the boarding, clothing and schooling of each, or otherwise, until my youngest son shall arrive at full age; after which time my said wife, in her discretion, may convey to all, or any one or two of my said children, by deed, the one-third of said realty, subject to her right to one-fourth of the net income arising therefrom, and said deed shall operate first, to vest a title free from any trust, or any one may convey his or her interest therein to a third party by deed, in which my wife, as such trustee, shall join; but, except as above, my son shall have no power over the same, nor in any mode anticipate, encum-

ber, or transfer the same, or any interest therein, or in said income, while said trust continues. But said trust shall terminate with the death of my wife, and one-third of said realty vest absolutely in each of my said children, unless by deed or will my wife shall direct said trust to be continued, as to the share of any or all of them, and name a trustee or trustees, in which event the same trust created shall continue as to the share of the one or more, as thus directed by my said wife. In the event of the death of any one of my children, not leaving a descendant alive, the share of such one shall continue part of the trust property, the net income therefrom to be equally divided between my wife and the survivors. If a second child die without descendant alive, the share of such one, both original and that taken as the survivor as aforesaid, shall continue part of the trust property, and the net income divided equally between the last survivor and my wife—this to continue during the life of my wife; but the absolute title to each share, original or accruing in said events, to survive to the surviving children or child. If all my children shall die without descendants alive, then the whole property to vest absolutely, in fee simple, in my wife."

The testator left surviving him, his wife and two children—*Elizabeth*, intermarried with *Byron W. Langdon*, and *Fletcher Ingram*, the youngest son, *Robert J.* having died intestate, without issue, before the death of the testator. The court below decreed the sale of the ward's interest in the real estate described in the petition. *Langdon* and wife appeal to this court. It is claimed that the restriction on the power of alienation was removed by the death of the youngest son. We do not think so. As a general rule, a condition in a grant or devise that the grantee or devisee shall not alienate is void, because repugnant to the estate, but a condition that the grantee or devisee shall not alienate for a particular time, or to a particular person or persons, is good. So, in a devise to a minor, a proviso that he shall not come into possession, occupy or have

any advantage of the estate during his minority, except through his guardian, who is to lease, occupy and improve the estate, is good and valid in law. *The Blackstone Bank* v. *Davis*, 21 Pick. 42.

It was the obvious intention of the testator that the property should remain in the hands of the trustee until the youngest son should arrive at full age, and that the portions of the rents and profits bequeathed to the two minor sons should be applied by the trustee to their support and education. The death of the younger still left a minor son to be supported and educated from the proceeds of the property. We think that, until the surviving minor son shall arrive at full age, the restriction on the power of alienation is valid, and that it is not competent for the guardian to sell the ward's property, under a license from the Common Pleas Court, in violation of this restriction. The nature of the ward's interest in the property, under the will, is such that it cannot be severed without terminating the trust. The trustee must have the control of the entire property to carry out the provisions of the trust. What a court of equity would do on the application of the trustee, under the facts stated in the petition, is not involved in this form of proceeding, and we do not wish to be understood as deciding anything on that subject.

The judgment is reversed, with costs, and the cause remanded to said court, with directions to dismiss the application.

*S. A. Huff*, for appellants.

*J. M. La Rue*, for appellee.