CELINE LAVAL v. BERTHA STAFFEL.

(Case No. 5462.)

1. WILL — CONSTRUCTION — RESTRAINT ON ALIENATION — EXECUTORY DEVISE — LIMITATION.— A will bequeathed to the son of deceased certain real estate, but with the restriction that up to the age of twenty-five years he should only have the right to receive and dispose of the revenue thereof, without the right to mortgage, incumber or sell the property. In case the son died before reaching the age of twenty-five years, the property should pass in full right and free from all charges to the daughter of deceased. The son mortgaged the property, and died before arriving at the age of twenty-five years. *Held:*

(1) That the intention of the testator is the first and great object of inquiry in the construction of a will, and must govern, provided it is not inconsistent with the rules of law.

(2) That it is, perhaps, settled law, that general restraints upon alienation are void, and the devisee in fee takes the estate free of the restriction. Not so as to partial restraint, such as a prohibition of sale to particular persons, or before arriving at a named age. As to the validity of such restrictions the authorities differ. (See authorities cited in the opinion.) It is not necessary to canvass the decisions upon this subject for the purposes of the present case.

(3) Even if the restriction on alienation were stricken out, the result would be that the son would take an estate in fee-simple, subject to be defeated, and to pass to the daughter in case he died before arriving at the age of twenty-five years.

(4) That the testratrix was authorized to make such a disposition of the property; it is the most common form of executory devise, and from time immemorial has been sustained by the courts of England and America, when there was no prohibiting statute on the subject. It is well recognized in this state (see cases cited in the opinion), that a devise like the present, limiting a fee after a fee, is legal when the contingency upon which the first estate is to expire must necessarily happen within a life or lives in being, and twenty-one years thereafter. In this case the limitation did not necessarily extend to the full life of the first devisee, but in case he lived for about six years from the making of the will, the property was to be absolutely at his disposal, the remainder in favor of the daughter not taking effect.

(5) If the provision as to alienation be regarded as void, the will would then be construed as if no such restriction had been imposed, and the son

left with the power of selling or mortgaging all the interest or title he held in the property under the will; that is, a fee-simple estate, liable to be defeated upon the contingency of his dying before reaching twenty-five years of age. The mortgage then furnished the mortgagee security only to the extent of the son's title; in case the son survived his twenty-fifth birthday, the entire fee-simple was pledged for the debt; otherwise the security could last only to the death of the son.

(6) The mortgage not being foreclosed during the life of the son, upon his death there was no estate in the property held by his administrator subject to be sold in satisfaction of the mortgage, and a purchaser under the foreclosure sale acquired no title, for the estate passed to the daughter immediately on the death of the son.

APPEAL from Bexar. Tried below before the Hon. Geo. A. Noonan. The opinion states the case.

*L. N. Walthall,* for appellant, cited: 1 Jarman on Wills, 821; Travis *v.* Morrison, 28 Ala., 498; Roper on Legacies, 557; Mackell *v.* Winter, 3 Ves., 542; Doe *dem.* Norfolk *v.* Hawke, 2 East, 481; Brooks *v.* Evetts, 33 Tex., 742; Paschal *v.* Acklin, 27 Tex., 193; Philleo *v.* Holliday, 24 Tex., 42; Nichols *v.* Eaton, 91 U. S., 716.

No briefs on file for appellee.

WILLIE, CHIEF JUSTICE.— The property in controversy was devised by Celine Phaneuf in the third clause of her will, which reads as follows:

"I give and bequeath to my son, Alcide Francois Phaneuf, the store and lot which I own in the city of San Antonio, on the north side of the Main street, and on the south of the San Antonio river, between lots belonging to Mr. August Nette, druggist (on the east and west). This legacy is made with the following restrictions, namely: That before my said son shall have completed his twenty-fifth year, he shall have no other right over the real estate and fixtures which I bequeath to him than to receive and dispose of the revenue thereof, without having the right in any manner to incumber, mortgage or sell the said property before he shall have completed the twenty-fifth year of his age; and if my said son should leave this world (which God forbid) before having reached that age, in that case the lot, house, or store aforesaid shall pass in full right and free from all charges in full property to my aforesaid daughter, Maria Reine Celine Phaneuf."

Alcide Francois Phaneuf mortgaged the house and lot to F. E. Grothaus, and died before arriving at the age of twenty-five years. Grothaus administered upon his estate, and, under order of the

county court duly obtained, sold the property in satisfaction of the mortgage, and the appellee became the purchaser. Celine Laval, who is the Maria Reine Celine Phaneuf mentioned in the will, brought this suit to recover the premises of Bertha Staffel, the appellee. The district judge, to whom the cause was submitted upon an agreed case, rendered judgment in favor of Bertha Staffel, and from that judgment this appeal is taken.

The intention of the testator is the first and great object of inquiry in the construction of wills, and it must govern, provided it be not inconsistent with the rules of law. 4 Kent, Com., 534; 1 Redf. on Wills, 419; Paschal v. Acklin, 27 Tex., 193.

There is no difficulty in ascertaining the intention of the testatrix in making the above cited provision in her will. She clearly intended what her words import, viz., to create a fee-simple title in Alcide Phaneuf, without power of alienation or incumbrance till he arrived at the age of twenty-five, and in case of his death before the happening of that event, that the property should pass to the appellant to be held by her in fee-simple.

The only question then is, Was the devise one which the testatrix could lawfully make? for, if it was, her wishes as expressed in her last will and testament must be respected and enforced.

We are not informed as to the grounds upon which the court below held that this will vested in Alcide Phaneuf a fee-simple title which he could alienate or incumber before reaching the age of twenty-five, and thereby deprive the appellant of her right to the property in case of his death before the happening of that event. To have arrived at this conclusion the court must have held the conditions of the devise void as being in restraint of alienation, and that an estate in fee-simple could not be limited to commence after another fee had expired by the occurrence of a contingency.

It is, perhaps, settled law, that general restraints upon alienation are void, and the devisee in fee takes the estate free of the restriction. Not so as to a partial restraint, such as a prohibition of sale to particular persons, or before arriving at a named age. As to the validity of such restrictions the authorities differ, some upholding them and others declaring them void. Stewart v. Barrow, 7 Bush, 368; Langdon v. Ingram, 28 Ind., 360; Stewart v. Brady, 3 Bush, 623; Mandelbaum v. McDonell, 29 Mich., 78; Roosevelt v. Thurman, 1 Johns. Ch., 120; Twitty v. Camp, Phill. Eq. (N. C.), 61.

We do not think it necessary to canvass the decisions upon this subject, for the purposes of the present case. Suppose that we admit that the restraint placed upon the alienation of the property

by the testatrix was invalid, and that we must disregard it, what is the result? The result is that Alcide Phaneuf took an estate in fee-simple, subject to be defeated, and to pass to the appellant in case he died before arriving at the age of twenty-five years. This is the reading of the will with the restriction as to alienation left out.

Was this a disposition of the property which the testatrix was authorized to make?

The case made is that of the most common form of executory devise, which has been from time immemorial sustained by the courts of England and America, when there is no prohibitory statute upon the subject. It is useless for us to cite any number of authorities to support a doctrine established by the decisions of centuries, and recognized as fully in force in this state. 4 Kent's Com., 268, 269; 2 Black. Com., 173; Hancock v. Butler, 21 Tex., 804.

It is considered elementary law, that a devise like the present, limiting a fee after a fee, is legal when the contingency upon which the first estate is to expire must necessarily happen within a life or lives in being and twenty-one years thereafter. Long v. Blackhall, 7 Term R., 100, and other authorities already cited.

Here the limitation did not necessarily extend to the full life of the first devisee, but in case he lived for about six years from the making of the will, the property was to be absolutely at his disposal, and the remainder in favor of the appellant could not take effect.

The provision, therefore, that the estate should pass to the appelant in case of the death of Alcide before reaching the age of twenty-five years, was one which the testatrix was authorized to make, and there is nothing in the restraint upon alienation that can prevent this will and intention of the testator from being carried out. Treating the provision as to alienation as void, we must read the will as if no such restriction had been imposed. Alcide is then left with the power of selling or mortgaging all the interest or title he held in the property under the will, that is, a fee-simple estate liable to be defeated upon the contingency of his dying before becoming twenty-five years of age. To this extent only could he have sold or incumbered the estate had the restriction as to alienation not been made; the insertion of the void condition could not certainly have given him greater power over the estate than he would have had without it.

The mortgage to Grothaus, therefore, furnished him security only to the extent of Alcide's title to the land, as above stated. Grothaus took the risk of Alcide's living to the age of twenty-five years. If

that contingency happened, the entire fee-simple estate was pledged to him for the payment of his debt; otherwise, his security could last only to the death of Alcide, and if the property in the mean time had been sold in satisfaction of the mortgage, the title of the purchaser would have expired with the death of Alcide. The mortgage was not foreclosed in the life-time of the latter, and hence upon his death the security created by it was at an end, and there was no estate in the property held by his administrator, subject to be sold by the court in satisfaction of the mortgage. Hence the sale to Bertha Staffel gave her no title. All the title formerly held by the testatrix in the property, or which would have been held by Alcide Phaneuf had he lived to be twenty-five years of age, had previously passed to Celine Laval. She was fully invested with the fee-simple title, and judgment should have been rendered for her in this suit.

For the error of the court in giving judgment for the appellee, the judgment must be reversed and here rendered for the appellant for a recovery of the property in controversy, and for her writ of possession, and for the costs of this court and the court below.

REVERSED AND RENDERED.

[Opinion delivered May 29, 1885.]