D. J. MUNROE et als. v. W. S. HALL et als.

*Deed.*

1. A *proviso* in a deed in absolute restrain of all alienation is void, but such condition if limited and reasonable in its application and as to the time when it must operate, will be upheld.

2. Where the condition in a deed upon which the estate is to be divested and go to a third party is founded on a contingency which never can happen, the grantee will take a fee simple.

3. Land was conveyed to two sisters and their heirs by deed, but the deed provided that in case either of them married, that the land should belong to their brother, and also provided that the grantees should not sell or dispose of the land in any way whatever. The *feme* grantees sold the land, and both died unmarried; *It was held*, that their grantee got a good title.

CIVIL ACTION, tried before *Boykin, Judge,* at May Term, 1886, of CUMBERLAND Superior Court.

It appears that Neill Munroe was the owner in fee of the land mentioned and described in a deed executed by him at the time therein mentioned, whereof the following is a copy:

" *To all people to whom these presents shall come, I, Neill Munroe, do send greeting :*

"Know ye, that I, the said Neill Munroe, of the county of Cumberland, and State of North Carolina, for and in consideration of the love and good will and affection which I have and do bear towards my living children, Thomas Munroe, Patrick Munroe, Annabella Munroe and Mary Munroe, of the county and State aforesaid, have given and granted, and by these presents do freely give and grant unto the said Thomas, Patrick, Annabella and Mary, their heirs, executors or administrators, all my lands and negroes in the county aforesaid, and in Moore county. Unto Thomas I give fifty acres of land, lying and being in the county of Moore, on the waters of Cameron's Big Branch; unto Patrick I give all that part of the plantation whereon I now live, lying on the south side of the road, and negro boy named Whitington; and unto Annabella and Mary, I give all that part of said plantation lying on the north side of the road, as long as either of them is single, but if they should get married, then the whole of the plantation be Patrick's, and if he should die without lawful issue, then the land to belong to Thomas.  I likewise give unto Annabella a negro boy named Isaac, and unto Mary I give a negro girl named Henny, provided that if the said Henny shall live to have children, the said Mary will give the first child unto Effy Jane, Thomas Munroe's daughter; provided always, that neither Patrick, Annabella nor Mary shall sell or dispose of any part of the above named land and negroes in any manner whatsoever.  To have and to hold all the said land and

negroes to them, the said Thomas, Patrick, Annabella and Mary, their heirs, executors or administrators, without any manner of condition.

"In witness whereof, I have hereunto set my hand and seal, this 31st day of August, one thousand eight hundred and twenty-nine.          NEILL MUNROE, [Seal.]

"Signed, sealed and delivered in the presence of
                                        PATRICK MUNROE."

And at September Term, 1829, said deed was proved and registered.

Afterwards, about the year 1855, Patrick Munroe, named therein, died, and never having been married, left no lineal heir.

Annabella Munroe, named therein, died about the year 1863, never having been married, and never having had issue.

Mary Munroe, named therein, survived her last named brother and sister, and never having been married, died on the 14th of May, 1883.

On the 27th of January, 1860, the said Mary and Annabella sold and conveyed by deed in fee, the land mentioned in the deed above set forth, to W. S. Hall, who thereafter died, leaving surviving him the defendant W. S. Hall and the *feme* defendant Julia McLauchlin, his only heirs at law, upon whom the lands of their ancestor descended, and they are in possession of the land in question, and claim to be the lawful owners thereof as such heirs.

Thomas Munroe, named in the deed above set out, died intestate many years ago, and the plaintiffs are his children and heirs at law. They contend that the deed above mentioned, operated to convey to Mary Munroe and Annabella Munroe, therein named, only a life estate in the land described in it, situate on the north side of the road designated, and therefore the title is in them.

MUNROE v. HALL.

These facts were agreed upon and submitted to the Court for its judgment. The Court thereupon entered judgment, whereof the following is a copy :

" Upon the foregoing case agreed, it is adjudged by the Court that the deed therein set out, conveyed to Annabella Munroe and Mary Munroe in fee simple the lands therein described, and the defendants are owners thereof in fee simple and legally in possession of the same. It is therefore adjudged, that the defendants go without day, and recover of the plaintiffs and their security the costs of this action, to be taxed by the clerk."

The plaintiffs having assigned error, appealed to this Court.

*Mr. N. W. Ray*, for the plaintiffs.
No counsel for the defendants.

MERRIMON, J., (after stating the facts).   The sole question presented by the record in this case for our decision is, did the deed in question operate to convey the fee simple estate in the land therein described as situate and being on the north side of the road mentioned to Annabella Munroe and Mary Munroe?

We cannot hesitate to answer this question in the affirmative.   The deed by appropriate terms for that purpose, conveys the fee to them, and there is nothing in it that at all indicates a contrary intention on the part of the donor, except the words limiting the estate to these sisters " as long as either of them is single," and the *proviso* in a subsequent part of it, that they should never " sell or dispose of any part of the above named land   *.   *   *   in any manner whatever."

The effect of the words " as long as either of them is single," need not be considered, because both the sisters died many years ago, and were never married.   In any possible view of these words, they could only indicate a purpose to give
14*

the land to Patrick in a contingency that never happened and never can happen. There is no intimation of any purpose to abridge the estate given them, unless in the contingency of marriage.

As to the *proviso* recited above, it is repugnant to the fee simple estate previously conveyed, and is in absolute restraint of all alienation, and is therefore simply void. An important incident of the fee simple estate, is the right of alienation, and hence, any condition in a deed conveying lands or a devise that seeks to prevent alienation altogether, is void, being repugnant to the estate conveyed. The rule, however, is not so comprehensive in its operation as to prevent all conditions and restraints upon the power of alienation. Such as are limited and reasonable in their application, and as to the time they must operate, are valid and will be upheld. 1 Wash. on R. P., 67–69; 4 Kent Com., 135; Pearson's Law Lec., 135.

There is no error and the judgment must be affirmed.

No error.                               Affirmed.