B. F. Sprinkle et al. v. Mary Leslie et al.

Decided June 11, 1904.

**1.—Will—Devise of Life Estate—Restriction Against Alienation.**

By the terms of a will certain real estate was devised to L. for life, with remainder in fee to her children, "and I direct that said L. shall not sell and convey or mortgage said land during her life. She may rent it and use the rent." Held, that, such provision in restraint of alienation is repugnant to the right conferred by the devise of the life estate, and is therefore not valid.

**2.—Same—Cases Distinguished—Trust.**

Simonton v. White, 93 Texas, 50; Wallace v. Campbell, 53 Texas, 229, and other cases distinguished as arising under instruments creating a trust wherein the provisions against alienation were upheld as necessary to the fulfillment of the trust.

Appeal from the District Court of Tarrant. Tried below before Hon. Irby Dunklin.

*Q. T. Moreland,* for appellant.

*James C. Scott,* for appellee.

CONNER, Chief Justice.—Appellee, Mary Leslie, joined by her husband, William Leslie, brought this suit to recover of appellants the title and possession of a certain lot of land and dwelling thereon, situated in the city of Fort Worth, Tarrant County, devised to her by one Minerva McCay, deceased, by will duly probated, and which, so far as pertinent, is as follows: "I give and devise to Mary Leslie (a sister of Edward Moore) a lot of land and improvements in the north part of the city of Fort Worth, said Tarrant County, that I purchased of George B. Gay and wife about November 30, 1896, as the deed shows of record in Tarrant County, vol. 105, page 633, and to identify the land I refer to it. If I should sell that land I will invest the proceeds in a farm which will appear in my name, and it shall vest in said Mary Leslie as this aforesaid lot of land will do if I do not sell it. I direct that she shall not sell and convey or mortgage the said land during her life. She may rent it and use the rents. After Mary's death the title shall vest in her children and their descendants, their heirs and assigns."

It is agreed that Minerva McCay had title, and the facts show that after the probate of the will and after appellee Mary Leslie had, by virtue thereof, assumed control of the premises, she, together with her husband, duly executed for a valuable consideration a trust deed upon said premises, which was subsequently duly foreclosed by the execution of the power of sale therein given, and that appellants now have full title by virtue of the sale under the trust deed, if Mary Leslie was empowered to execute it. The trial court concluded: "The property in controversy was never the homestead of Mary Leslie and her husband. 2. By the terms of the will a life estate only in the property in controversy was acquired by Mary Leslie, with remainder over to her children named

in the petition, and the restriction contained in the will against Mary Leslie's power to alienate her interest was valid, and the defendants and those under whom they claim, back to the common source, having purchased with notice of the provisions of said will, the plaintiffs are therefore entitled to recover of defendants the property sued for, and judgment should be rendered accordingly." We agree with the conclusion that by the terms of the will a life estate only was acquired by Mary Leslie, but are of opinion that the court erred as assigned in its conclusion and judgment to the effect that the restriction in the will against alienation was valid.

Mary Leslie had been reared by Minerva McCay, and was a married woman with children at the time of the execution and probate of the will, but the children have been given no interest or right in presenti to the property in question, or in or to the rents thereof. The only right or interest of the children evidenced by the terms of the will is that of remaindermen. They have only the right to the proper care and preservation of the property and of the title and possession after the termination of the mother's life estate. The will imposes no penalty nor reserves right of re-entry,—as for condition subsequent broken,—for a violation of the provision against alienation, and it follows, we think, that the case is plainly distinguishable from the cases invoked by appellees, of Simonton v. White, 93 Texas, 50; Wallace v. Campbell, 53 Texas, 229; Monday v. Vance, 92 Texas, 428; Nichols v. Eaton, 91 U. S., L. Ed., Bk. 23, p. 255. General expressions in some of these cases are doubtless to be found favoring appellees' contention, but all of them are cases in which a trust was clearly created in the instrument under consideration, and in which accompanying provisions, express·or implied, in restraint of alienation were upheld as necessary to the fulfillment of the trust, and the opinions are to be interpreted in the light of this fact. We have here, however, a case in which an absolute or complete life estate, unaccompanied with an appointment of a trustee or the creation of any trust expressed in the will, is devolved upon Mary Leslie, and while authorities to the contrary may possibly be found, we conclude that under the rule of the common law in force with us the provision in restraint of alienation is repugnant to the right conferred by the devise of such life estate, and that hence such provision must give way. The rule of the common law, as we understand it, is thus expressed by Lord Eldon in Blandon v. Robinson, 18 Ves., 433: "If property is given to a man for his life, the donor can not take away the incidents of a life estate." See, also, Laval v. Staffel, 64 Texas, 370; Bouldin v. Miller, 87 Texas, 359, 26 S. W. Rep., 134; Hamilton v. Jones, 75 S. W. Rep., 554; Mandlebaum v. McDonnell, 29 Mich., 78; McLeary v. Ellis (Iowa), 6 N. W. Rep., 571; Thompson v. Murphy (Ind.), 37 N. E. Rep., 1094; Schouler on Wills, 2 ed., secs. 601-602; Page on Wills, sec. 634; Murray v. Green, 64 Cal., 363; Langdon v. Ingram's Guardian, 28 Ind., 360; Munroe v. Hall, 97 N. C., 206, 1 S. E. Rep., 651; Pritchard v. Bailey, 113 N. C., 521, 18 S. E. Rep., 668.

As before stated the devise to Mary Leslie conferred upon her a full freehold title which under our law thereupon became her separate legal estate, and she had every right therein of any other owner of property, including the power of alienation.    Speer on Married Women, sec. 99, and authorities cited.    The restricting words under consideration, therefore, we think, must be construed as advisory merely, and not as a limitation of the estate devised.

Appellees also interposed the defense that the property in question was their homestead at the time of the execution of the trust deed under which appellants claim.    But the court found against them on this issue, and the evidence is not such as to enable us to set aside this finding, which, together with all other findings of fact by the trial court, is therefore adopted.

These conclusions require us to reverse the judgment of the court below, and here render it for appellants, and it is so ordered.

*Reversed and rendered.*

Writ of error refused.