O'CONNOR et al. v. THETFORD. ·(No. 5420.)†

(Court of Civil Appeals of Texas. San Antonio. Feb. 17, 1915. Rehearing Denied March 17, 1915.)

1. DEEDS ⬤⟳151—ILLEGAL CONDITION SUBSEQUENT—EFFECT.

A conveyance of a fee-simple estate subject to an illegal condition subsequent conveys an absolute fee-simple estate free of the condition.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 481; Dec. Dig. ⬤⟳151.]

2. DEEDS ⬤⟳149—CONDITIONS SUBSEQUENT—RESTRAINT OF ALIENATION.

Where a deed provided that grantee should hold a fee-simple estate in the land subject to the condition subsequent that title should revest in the grantor or his heirs in case of any attempted alienation during the lifetime of the grantee, such condition was void.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 451, 479; Dec. Dig. ⬤⟳149.]

Appeal from District Court, Frio County; J. F. Mullally, Judge.

Action by John D. Thetford against Mary Ellen O'Connor and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Jas. McDonald and C. F. & C. C. Carsner, all of Victoria, for appellants. Swearingen & Ward, Jno. H. Bickett, Jr., McFarland & Lewright, and William H. Kennon, all of San Antonio, for appellee.

MOURSUND, J. Appellee sued appellants, as heirs at law of Thos. M. O'Connor, to remove cloud from the title to about 1,500 acres of land in Frio county. The suit involves the construction of a deed, which, omitting the description of the land, reads as follows:

"State of Texas, County of Victoria. .

"Know all men by these presents, that I, Thomas M. O'Connor, of the county of Victoria, in the state of Texas, in consideration of the sum of one dollar to me in hand paid, and the regard and esteem I entertain toward the grantees hereinafter named, have given, granted, sold and conveyed, and by these presents do grant, give, sell and convey unto John D. Thetford, of Frio county, Texas, the following described body of land, situated in Frio county, Texas, and thus by metes and bounds described: [Description omitted.] To have and to hold all and singular the above described tract of land unto him, John D. Thetford, his heirs and their assigns forever, subject however to the full effect of the condition subsequent hereinafter set out. As a controlling condition of this conveyance, it is now further declared to be the intention and purpose of the grantor by the present conveyance, which conveyance is now expressly declared to be a deed of gift, to prevent the alienation, either voluntary or involuntary by said grantee named of all or any portion of the premises hereby conveyed and for the purpose of carrying out said intention, and also in the exercise of the right of the grantor to impose a condition arbitrary or otherwise, upon a deed of gift, it is now expressly declared that this entire deed and all estate passed thereby is expressly subject to the following condition subsequent, to say: That any alienation, voluntary or otherwise or any attempt at alienation, of all or any portion of said premises on the part of said grantee herein named, shall have the force and effect to at once terminate all estate passed to said grantee under this conveyance and shall cause all estate hereby conveyed to immediately revest in the grantor, Thomas M. O'Connor, if living, or if dead, in his heirs and legal representatives. It is further provided that the expression, attempt at alienation, as used above, shall cover and include any species of attempted alienation including attempted conveyance, mortgage or pledge, and everything short of a mere verbal and futile effort to convey the interest of said attempting alienator.

"Witness my hand at Victoria, Texas, this 22d day of February, 1907. .

"T. M. O'Connor."

This deed was duly acknowledged on February 23, 1907, and filed for record March 11, 1907.

Appellee contended 'that the provisions in said deed imposing upon him a restraint upon alienation and providing for a forfeiture of the estate granted, and a reversion of said estate to the grantor, his heirs, or legal rep-

resentatives, were null and void, for the following reasons:

"(a) Said deed by its granting clause and by the habendum clause, conveys a full fee-simple title to plaintiff, and the subsequent conditions in said deed in restraint of the alienation of said land and in forfeiture of the estate conveyed are in direct conflict with the granting and habendum clause of same, and are repugnant to the fee granted and intended to be granted.

"(b) That said conditions in said deed, are not only contrary to the Constitution of the state of Texas, but are contrary to public policy and the laws of this state, in unduly tying up and restraining the alienation of land.

"(c) That said conditions in restraint of alienation of said land, if valid, is a covenant which runs with the land and would be binding, not only upon the appellee, but upon his heirs forever, so that said land would descend from one generation to another, thus creating a perpetuity, and entailment which violates the Constitution and the laws of this state."

The case was tried before the court without a jury, and judgment rendered for plaintiff declaring the covenant in the deed in restraint of alienation to be null and void, and canceling and removing the cloud cast thereby upon plaintiff's title to the land therein conveyed.

[1] The question upon this appeal is whether that provision in the deed is void which states that upon the alienation or attempted alienation of the land during the lifetime of Thetford the title shall revert to the grantor or his heirs. The deed is plainly drawn, and it is clear that it was not the intention of the grantor to restrain the alienation of the land by Thetford's heirs, but that it was his intention to have Thetford keep it all his life or it would revert to the grantor or his heirs. It was not his intention to give a less estate than a fee simple, and the language preceding the condition, when considered alone, carries the fee-simple title, but he attached a condition subsequent by means of which he sought to accomplish the purpose of keeping Thetford from disposing of the land and the Thetford's creditors from acquiring the same or the proceeds thereof. If the condition is void the deed conveys to Thetford an absolute fee-simple estate. Seay v. Cockrell, 102 Tex. 286, 115 S. W. 1160; Diamond v. Rotan, 124 S. W. 198; White v. Dedmon, 57 S. W. 871; Sprinkle v. Leslie, 36 Tex. Civ. App. 356, 81 S. W. 1018.

[2] The tying up of property was regarded by the common law as an evil, and in order to prevent it two doctrines were established, one that all interests should be alienable, the other that all interests must arise within certain limits, the latter being known as the rule against perpetuities. In this case we are concerned only with the first doctrine, and the extent to which it exists in this state under the common law which has furnished our rules for construing deeds since its adoption in 1840. It is well settled that a general restraint upon the power of alienation when incorporated in a deed or will otherwise conveying a fee-simple title is void, but authorities differ in construing restraints on aliena-

tion for a limited time. One line of authority is to the effect that a restraint upon the alienation of a fee-simple title for a limited period, however brief, is inconsistent with and repugnant to the nature of such an estate, because one of the most important characteristics thereof is the power of alienation. The other class of cases holds a restraint upon the alienation even of a fee-simple title, if for a reasonable time, to be a valid restriction. The cases on this subject have been annotated under the case of Latimer v. Waddell, 119 N. C. 370, 26 S. E. 122, 3 L. R. A. (N. S.) 668. The first rule is the more logical and presents no difficulties such as will be encountered in determining what is a reasonable time. We find that in the cases of Laval v. Staffel, 64 Tex. 372, and Bouldin v. Miller, 87 Tex. 359, 28 S. W. 940, this question was left an open one. In the case of Seay v. Cockrell, 102 Tex. 286, 115 S. W. 1160, the court held that a provision in a will to the effect that devisees could not sell during their lifetime the half interest in a building willed to them was void. The court said:

"If the will conveys a fee-simple estate the provision that the devisees shall not sell is clearly void. * * * If it convey a life estate we think the clause restraining its alienation equally void."

No statement is made whether such conclusion was arrived at on account of adherence to the line of cases first above referred to, or whether it was held as a matter of law under the second line of cases that a restraint for the lifetime of the grantee was unreasonable.

Some courts which approved the rule that provisions in restraint of alienation for even a limited time are void have upheld provisions which are accompanied by an express statement that the estate will revert to the grantor or pass to others, and have held void provisions which are not accompanied by such a statement. These cases are collated on pages 676 and 677 of vol. 3 L. R. A. (N. S.).

This supposed distinction does not appear to rest upon any sound basis, as is shown by Mr. Justice Hodges in the opinion in the case of Diamond v. Rotan, 124 S. W. 198. In that case a deed was construed which had a provision of alienation similar to the one in this case. In fact the clauses are so alike that the same rule of construction must necessarily be applied to both. The court held the condition void which provided for the passing of the title if alienation took place during the lifetime of the grantee. Another ground for sustaining the decision was mentioned, but it was expressly stated that the court did not rest its decision thereon. The Supreme Court denied a writ of error, and a careful examination of the opinion leads us to believe that in so doing it upheld the decision upon the ground on which it was rested by the Court of Civil Appeals. We regard said case and the cases of Seay v. Cockrell and Sprinkle v. Leslie,

36 Tex. Civ. App. 356, 81 S. W. 1018, as settling the question arising in this case in favor of the correctness of the judgment of the trial court. It occurs to us that no matter which line of cases on the subject of restraints of alienation for a limited period may be adopted by our Supreme Court, the provision in the deed herein considered would be held void. If any plausible reasons can be given for contending that a provision restraining the alienation of a fee-simple estate for a few years is not repugnant to the estate granted, such reasons would not be applicable when urged in defense of a provision which prevents the grantee from ever exercising the right of alienation. He would certainly be a poor owner who was required to hold property all his life without the power to sell it. If the reasonableness of the time during which alienation is prohibited be the determining factor, surely the lifetime of the grantee cannot be held to constitute a reasonable time during which he can be deprived of one of the most important characteristics of ownership.

The judgment is affirmed.