**FIELD v. RUDES et al.**

No. 4494.

Court of Civil Appeals of Texas. El Paso.

Jan. 30, 1947.

Rehearing Denied Feb. 27, 1947.

Second Rehearing Denied March 20, 1947.

**2**

S. D. Hopkins and T. H. Ridgeway, both of San Antonio, for appellant.

Leonard Brown and Maxwell Burket, both of San Antonio, for appellees.

PRICE, Chief Justice.

This is an appeal from a judgment of one of the district courts exercising jurisdiction in Bexar County. Annie Rose Field, as guardian of the estate of William Earl Field, Jr., sued George A. Rudes and J. M. Sauter as defendants to set aside a lease and recover possession of certain property in the city of San Antonio. Trial was before the court, judgment that plaintiff take nothing. Plaintiff in her capacity as guardian has duly perfected this appeal.

The court, on the motion of the appealing plaintiff, filed findings of fact and conclusions of law. However, the facts in this case are undisputed. The only question presented is did the trial court correctly apply the law to the undisputed facts.

Annie Rose Field and W. E. Field, Sr., were on July 25, 1941, husband and wife, but were at said time living separate and apart, and on August 28, 1944, were divorced. A son, W. E. Field, Jr., was born of the marriage, who is and was at all relevant times a minor and who has lived with his mother at all times since the separation of his parents.

On July 25, 1941, an undivided one-half interest in the property in controversy stood in the name of W. E. Field, Sr. This undivided interest was the community property of the said Field and his wife. The other half of the property was vested in Anna Marie Schier.

On July 25, 1941, W. E. Field, Sr., his wife and Anna Marie Schier executed and each acknowledged the following instrument:

"State of Texas ⎱
"County of Bexar ⎰

"This agreement entered into, by, and between W. E. Field and wife, Mrs. W. E. Field, and Anna Marie Schier witness as follows:

"Whereas W. E. Field and Anna Marie Schier are the owners of a piece of property located at the corner of Quintana Road and Main Street in South San Antonio, and whereas these two aforementioned persons are desirous of conveying said property unto William E. Field, Jr., and whereas said property is free of all debts, now, therefore,

"It is agreed and understood by and between all three parties hereto that W. E. Field, Sr., does not have the money to pay Anna Marie Schier for her one-half interest in and to said property, and Mrs. W. E. Field does not desire to pay her cash for her one-half interest; it is therefore agreed that for and in consideration of the said Anna Marie Schier's transferring and conveying her one-half interest to W. E. Field, Jr., that the said W. E. Field and wife, Mrs. W. E. Field, hereby agree that an insurance policy will be taken out and assigned to the said Anna Marie Schier as beneficiary, to be paid to her upon the death of W. E. Field, Sr.

"And the said W. E. Field and wife, Mrs. W. E. Field, hereby waive and assign any claim that they have or may have in and to said policy now or hereafter; said waiver of rights and claims of interest is a waiver of community interest, beneficiary interest, and of estate interest.

"It is agreed and understood that this agreement is signed for the sole purpose and consideration on conveying said prop-

erty in fee simple without any liens to William E. Field, Jr., and the said Mrs. W. E. Field shall have sole management of the said property for the benefit of the said William E. Field, Jr.

"The parties hereto agree that the deed signed as of July 25th and this instrument of even date shall be incontestable."

On July 25th, contemporaneously with and as part of the same transaction, W. E. Field, Sr., and Anna Marie Schier executed and delivered a warranty deed purporting to convey the premises to W. E. Field, Jr. This deed recited a consideration of Ten Dollars, and unless controlled by the instrument heretofore copied herein, vested in W. E. Field, Jr., a fee simple title to the property. The granting clause is to William E. Field, Jr., the habendum provides "to the said W. E. Field, Jr., and his heirs and assigns forever," the warranty clause runs to W. E. Field, Jr., his heirs and assigns forever. Art. 1291, R.S. 1925; City of Stamford v. King, Tex.Civ.App., 144 S.W.2d 923, writ refused.

On October 8, 1941, Mrs. W. E. Field, signing her name individually and as natural guardian of W. E. Field, Jr., executed and delivered to the defendants Rudes and Sauter a lease to the property above described. The term thereof was for eight years, rent at the rate of $40 per month; recites the agreement that Mrs. Field was to have the control of the interest of W. E. Field, Jr., in the property.

Defendants Rudes and Sauter have at all times paid the rent of $40 per month or made a tender thereof to Mrs. Field when same was due under the lease. They have likewise expended about six thousand dollars in erecting improvements on the property. The property seems to be city business property and the only way an income could be derived therefrom was and is by the rental of same.

In the year 1945, on her own application, Mrs. Field was appointed and qualified as guardian of the estate of W. E. Field, Jr. Prior to the filing of this suit she was authorized by the County Court of Bexar County to file same.

It is too elementary, we think, to require the citation of authorities to sustain the proposition that to determine the construction and effect of the deed of July 25, 1941, it is proper to consider the contract hereinbefore set forth. This is true even though the limitation sought to be imposed by the contract on the estate conveyed by the deed is repugnant to the estate conveyed. The construction would be the same had the two instruments been incorporated into one.

It is to be noted that the contract does not purport to vest an estate in Mrs. Field. The duration of the authority of Mrs. Field to have sole management of said property for the benefit of her son is not limited so far as the terms of the instrument go. Such management is to continue indefinitely. Of course it would terminate with her death, or that of her son. If the duration is to be for the minority of her son only, this must be adduced from the circumstances surrounding the parties. Taking into consideration the purpose they were seeking to accomplish, the nature of the property involved, it is thought, if valid, the clause conferring the power of sole management would include the power to execute the lease in question. Leasing the property would be the only way or the most feasible way perhaps the property could be managed for the use and benefit of the child, and perhaps the only way it could have been preserved.

If limitation there was on the fee simple estate it was imposed by the execution of the contract by W. E. Field and Anna Marie Schier, because they were invested with the legal estate in the property. It is not overlooked that Mrs. Field had an equitable title to one-fourth thereof. The functions of Mrs. Field under the contract were similar to those of guardian of the estate. The proposition is thought to be elementary that parents can not by agreement constitute one the guardian of the estate of their minor son. Vineyard, et al. v. Heard, et al., Tex.Civ.App., 167 S.W. 22; Tex.Com.App., 212 S.W. 489. Reading the two instruments together the intention was to vest fee simple title in the son. The

only discordant note is the clause giving the mother sole management. If this clause be valid it would operate as a restraint on alienation by the son. If a valid sale be made thereof it would destroy her right of sole management.

■ If a fee simple estate was conveyed to the son the right of sole management was inconsistent therewith and repugnant thereto. "An absolute or fee simple estate is one in which the owner is entitled to the entire property with unconditioned powers of disposition during his life and descending to his heirs and legal representatives upon his death intestate." 3rd Ed. Black's Law Dictionary; Veselka v. Forres, Tex. Civ.App., 283 S.W. 303, at page 305. A fee simple includes both the legal and equitable title.

■ It is clear that the grantors in the deed could have conveyed the legal title to Mrs. Field, and in so doing could have placed any legal limitation on her powers with reference thereto. Neither of the instruments purports to so convey the legal title to her. The power of sole management is an attribute of sole ownership, that is, a fee simple estate. If the right of management be vested in anyone other than the owner his estate is not a fee simple estate.

■ It is held the provision in the contract conferring on Mrs. Field the right of sole management is void as being repugnant to the estate sought to be conveyed by the deed. Bouldin v. Miller, 87 Tex. 359, 28 S.W. 940; White v. Dedmon, Tex.Civ.App., 57 S.W. 870. The right of sole management vested in one other than the owner of the estate operates as a restraint upon alienation and if the deed purports to convey a fee simple estate is void. Frame v. Whitaker, 120 Tex. 53, 36 S.W.2d 149; Laval v. Staffel, 64 Tex. 370; Diamond v. Rotan, 58 Tex.Civ.App. 263, 124 S.W. 196, writ refused; O'Connor v. Thetford, Tex. Civ.App., 174 S.W. 680, writ refused. Beyond question if the clause vesting in Mrs. Field be valid it would operate to prevent her son from conveying the property during the existence of that power in her. As has been heretofore stated, neither of the instruments in question limits the duration of power. It is thought that the trial court incorrectly applied the law to the facts involved.

It is therefore ordered that the judgment be reversed and judgment here rendered for the plaintiff in her capacity as guardian to recover the possession of the premises from the defendants.

## On Motion for Rehearing.

Careful consideration has been given to appellees' motion for a rehearing. It may be that we were wrong in holding that the contract between Mr. and Mrs. Field and Mrs. Schier could be taken into consideration in determining the effect of the deed to the minor.

■ The deed to the minor unquestionably, standing alone, conveys a fee simple title to the property. As stated in the original opinion, ordinarily instruments contemporaneously executed between the same parties, dealing with the same subject matter, are to be construed together. The two instruments involved here have not the same parties. The grantors in the deed are Mr. Field and Mrs. Schier, the grantee is a minor. Parties to the contemporaneous contract are Mr. and Mrs. Field and Mrs. Schier. See 26 C.J.S., Deeds, § 91, page 339. It seems fundamental that the grantors in the deed cannot by a separate instrument to which the grantee is not a party, though same be contemporaneously executed, destroy or limit the legal effect of their deed. If read as one instrument the limitation is void, as antagonistic to the grant.

■ Appellees urge that in no event should this case be reversed and rendered, but in case it be not affirmed it be rendered in favor of appellees for $6,000, or that it be reversed and remanded to the end that there be a trial on the question of improvements in good faith. Appellees apparently overlook the provision in the lease under which they claim the premises, which is as follows:

"And that no alterations or additions shall be made to the premises during the term of this lease aforesaid, without the written consent of said lessors."

Finding No. 7 of the trial court is as follows:

"I find that defendants paid for improvements on the property in question to date, aggregating under the undisputed testimony $6500.00."

That defendants paid this amount for improvements placed on the premises is without support in the evidence. There is no finding that said improvements were placed on the property with the written consent of lessor. Appellees failed to plead that such improvements were placed on the premises with the written consent of lessors. It would seem elementary that without such written consent it could not be that same were placed on the property in good faith. The court does not find that the improvements were placed on the property in good faith; it does not find that same enhanced the value of the property. Appellees do not plead that they did erect the addition to the building costing $600 which the lease did authorize. The lease provided as to this building from its erection it was to become the property of the lessor.

■ Appellees took a lease of the property of a minor. Their reliance was upon an instrument void on its face, purporting to give the management and control of the infant's property to another. A lease recited to be made by the mother acting as natural guardian. The lease intrinsically evidenced a lack of diligence to ascertain what authority Mrs. Field had to bind the minor by a lease. This lease seems to misrecite the provisions of the contract between Mr. and Mrs. Field and Mrs. Schier.

There can be no estoppel of the infant. Compensation for these improvements must be based on equitable grounds. It is thought that the showing as to good faith in making the alleged improvement is not such as would warrant the remand of the cause. Under the pleading and evidence on the trial the court would not have been warranted in making an award therefor. To recover these premises the minor was not compelled to rely on equity—the lease was void on its face.

The motion is overruled.

On Second Motion for Rehearing.

McGILL, Justice.

The statement in our original opinion that: "They have likewise expended about six thousand dollars in erecting improvements on the property," is withdrawn. A careful reading of the statement of facts reveals that this statement, which referred to improvements made on the property in question by Rudes and Sauter, does not find support in the evidence. It was inadvertently made. We adhere to the statement in our opinion on the first motion for rehearing to effect that: "Finding No. 7 of the trial court is as follows: 'I find that defendants paid for improvements on the property in question to date, aggregating under the undisputed testimony $6500.00,' " is without support in the evidence.

The second motion for rehearing is overruled.