IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00327-CV

 

Naith Griffin, Jr.,

                                                                                    Appellant

 v.

 

Virgil Griffin,

                                                                                    Appellee

 

 



From the 335th District Court

Burleson County, Texas

Trial Court No. 25,001

 



MEMORANDUM  Opinion










 

            Naith Griffin, Jr. appeals the granting
of Virgil Griffin’s motions for summary judgment that resulted in the trial
court entering a final judgment as to all claims.  Naith Griffin, Jr. complains
that the motions for summary judgment filed by Virgil Griffin did not include
all causes of action, and therefore, the trial court’s final judgment which
purported to dispose of all claims was erroneously final.  Naith Griffin, Jr.
also complains that the granting of the traditional and no-evidence motions for
summary judgment filed by Virgil Griffin was erroneous and that Naith Griffin,
Jr. was entitled to summary judgment on his no-evidence motions.  Because we
find that the trial court’s judgment was final, but erroneously so, we reverse
and remand to the trial court for further proceedings the claim to set aside
the 1986 deeds, the partition claim, and the declaratory judgment actions and
trespass to try title claims insofar as they relate to the present ownership of
the real property.  We affirm the judgment of the trial court in all other
respects.

Final—Erroneous, But Final

            Virgil Griffin filed a petition
against Naith Griffin, Jr. asserting a cause of action for trespass to try
title and seeking a declaratory judgment as to ownership of a piece of real
property.  Naith Griffin, Jr. initially filed counterclaims against Virgil
Griffin alleging that Virgil Griffin’s claims were brought in bad faith and for
harassment, for trespass to try title with a request for reimbursement for
rents, profits, and damages, and seeking a declaratory judgment regarding
ownership.  In an amended pleading filed four days before the summary judgment
hearing, Naith Griffin, Jr. added claims to set aside the 1986 deeds which
conveyed the property to Virgil Griffin and for partition of the real property,
to include an accounting.  

            Approximately four months before the
amended petition adding the new causes of action was filed with the trial
court, Virgil Griffin filed a traditional and no-evidence motion for summary
judgment, asserting in the traditional motion that he established his ownership
and right to possession of the property as a matter of law, that a provision
contained in a 1956 deed was void as an impermissible restraint on alienation,
and for attorney’s fees.  In the no-evidence motion, Virgil Griffin asserted
that Naith Griffin, Jr. could not provide any evidence of title in Naith
Griffin, Jr.’s name to support the trespass to try title and declaratory
judgment claims that Naith Griffin, Jr. had filed.  Additionally, the
no-evidence motion averred that Naith Griffin, Jr.’s claims for bad faith and
harassment are “wholly unsupported, without evidence, and nonsensical.”[1]

            Neither the traditional motion for
summary judgment nor the no-evidence motion for summary judgment address the
issue of the claim to set aside the 1986 deeds or the partition action.  Virgil
Griffin asserts that the order granting judgment in his favor encompassed Naith
Griffin, Jr.’s claims by its language that stated that Virgil Griffin owned the
property, that Naith Griffin, Jr. did not have any interest in the real
property, and the trial court’s language that “[t]he Court expressly denies all
relief not expressly granted herein,” “[t]his judgment finally disposes of all
parties and claims and is appealable,” and “[i]t is further ORDERED that
Defendant Naith Griffin, Jr. take nothing, and that the Plaintiff be granted
the relief set forth herein” indicate that the trial court’s decision was
intended to be final.

            The Texas Supreme Court has stated
that “if a defendant moves for summary judgment on only one of [multiple]
claims asserted by the plaintiff, but the trial court renders judgment that the
plaintiff takes nothing on all claims asserted, the judgment is
final--erroneous, but final.”  Lehmann v. Har-Con Corp., 39 S.W.3d 191,
200 (Tex. 2001).  Accordingly, the trial court's judgment was a final judgment
encompassing all of both parties’ claims; but because the claim to set aside
the 1986 deeds and the partition claim were not addressed in Virgil Griffin's
motion, judgment on those claims was erroneous.  Id.; see also Jacobs
v. Satterwhite, 65 S.W.3d 653, 655 (Tex. 2001) (citing Black v. Victoria
Lloyds Ins. Co., 797 S.W.2d 20, 27 (Tex. 1990) (“A
summary judgment movant may not be granted judgment as a matter of law on a
cause of action not addressed in a summary judgment proceeding.”).  We sustain
Naith Griffin, Jr.’s first issue.

Judgment on Claims Properly Addressed

            However, we must also determine
whether the summary judgment was correctly granted as to the other claims.  Jacobs,
65 S.W.3d at 653 (error to reverse and remand as to all claims when all were
not raised in appeal). 

Standard of Review

We review the trial court's granting of a motion
for summary judgment de novo.  Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005).  The movants in a traditional summary judgment
motion must show that there is no genuine issue of material fact and that they
are entitled to judgment as a matter of law.  See Tex. R. Civ. P. 166a(c).  When
reviewing a summary judgment, we take as true all evidence favorable to the
nonmovants, and we indulge every reasonable inference and resolve any doubts in
the nonmovant’s favor.  Valence Operating Co., 164 S.W.3d at 661.  Once the
movants establish their right to a judgment as a matter of law, the burden
shifts to the nonmovants to present evidence raising a genuine issue of
material fact, thereby precluding summary judgment.  See City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678-79 (Tex. 1979). 
Evidence is conclusive only if reasonable people could not differ in their
conclusions.  City of Keller v. Wilson, 168 S.W.3d 802, 816 (Tex. 2005).  When the trial court does not specify the grounds
upon which it ruled, the summary judgment may be affirmed if any of the grounds
stated in the motion is meritorious.  W. Invs., Inc. v. Urena, 162
S.W.3d 547, 550 (Tex. 2005).

A no-evidence summary judgment motion
is treated as essentially a pretrial directed verdict.  Merrell Dow Pharms.,
Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).  After an adequate time
for discovery has passed, a party without the burden of proof at trial may move
for summary judgment on the ground that the nonmoving party lacks supporting
evidence for one or more essential elements of its claim.  See Tex. R. Civ. P.  166a(i); Espalin v.
Children's Med. Ctr. of Dallas, 27 S.W.3d 675, 682-83 (Tex. App.—Dallas
2000, no pet.).  The moving party must file a motion that specifies which
elements of the nonmoving party's claim lack supporting evidence.  Tex. R. Civ. P.  166a(i).  If the motion is alleged to be deficient, the
nonmoving party must challenge the inadequacy of the motion in their
written response to the motion or in some other pleading.  Williams v. Bank One, 15 S.W.3d 110, 117 (Tex. App.—Waco 1999, no pet.).  See Westchester Fire Ins. Co. v. Alvarez, 576 S.W.2d
771, 773 (Tex. 1978).  Once a proper motion is filed,
the burden shifts to the nonmoving party to present evidence raising any issues
of material fact on the challenged elements.  Murray v. Ford Motor
Co., 97 S.W.3d 888, 890-91 (Tex. App.—Dallas 2003, no pet.).  We review the
evidence in the light most favorable to the party against whom the summary
judgment was rendered.  Johnson v. Brewer & Pritchard, P.C., 73
S.W.3d 193, 208 (Tex. 2002).

A no-evidence motion for summary judgment is
properly granted if the non-movant fails to bring forth more than a scintilla
of probative evidence to raise a genuine issue of material fact as to an
essential element of the non-movant's claim on which the non-movant would have
the burden of proof at trial.  See Tex.
R. Civ. P. 166a(i); Merrell Dow Pharms. v. Havner, 953 S.W.2d
706, 711 (Tex. 1997).  If the evidence supporting a finding rises to a level
that would enable reasonable, fair-minded persons to differ in their
conclusions, then more than a scintilla of evidence exists.  Havner, 953
S.W.2d at 711.  A scintilla of evidence exists when the evidence is “so weak as
to do no more than create a mere surmise or suspicion” of a fact, and the legal
effect is that there is no evidence.  Kindred v. Con/Chem, Inc.,
650 S.W.2d 61, 63 (Tex. 1983).

Declaratory Judgment

            In his original petition, Virgil
Griffin’s second claim sought a declaratory judgment determining that he is the
lawful owner of the real estate in question and a finding that he was entitled
to immediate possession of the property pursuant to Section 37.004 of the Texas
Civil Practice and Remedies Code.  Tex.
Civ. Prac. & Rem. Code Ann. § 37.004 (Vernon 2008).

Provision in Deed at Issue

            The primary controversy surrounds the
interpretation and enforcement of a provision in a deed.  In 1956, Naith
Griffin, Sr. and his wife, Effie Griffin, executed a warranty deed purporting
to convey real property to Naith Griffin, Sr.’s parents, Ira Griffin and Ollie
Griffin.  The deed contained the following provision that is at the center of
this controversy:

“But the above covenant is subject to the
conveyance hereby made by the said Ira Griffin and Ollie Griffin, and upon the
condition that the above described land and premises may not be sold by the
said Ira Griffin, or the said Ollie Griffin, or both of them, for and during
the natural lives of the said Ira Griffin and Ollie Griffin, and the natural
life of the survivor of them, and any instrument other than a will or other
testamentary document, which purports to sell or convey the above described
premises, or any part thereof, during the lives of Ira Griffin and Ollie
Griffin, and during the life of the survivor of them, shall be ab initio
null and void, and of no force and effect whatsoever.” (emphasis in original).

 

            Then, in a series of transactions in
1986, Ira Griffin executed two gift deeds conveying his entire interest in the
property to Virgil Griffin.  The first deed was executed prior to Ollie
Griffin’s death whereby Ira Griffin conveyed his interest in the property to
Virgil Griffin.  Then, after Ollie Griffin’s death and the probate of her will,
Ira Griffin executed a deed to Virgil Griffin conveying the interest that he
had received as a bequeath in Ollie Griffin’s will, which resulted in the
entire interest being conveyed to Virgil Griffin. 

Virgil Griffin contends that the 1956 deed
purports to convey fee simple title and that the quoted provision is an
impermissible restraint on alienation and therefore, is void and has no effect. 
Naith Griffin, Jr. argues that the deed purports to convey only a life estate
and that the impermissible restraint on alienation, if any, merely relates to
the conveyance of the life estate granted by the deed.  The conveyance of the
life estate, if proper, would terminate on the death of the grantees, Ira
Griffin and Ollie Griffin.  Naith Griffin, Jr. also contends alternatively that
the deed is ambiguous as to the intent of the grantors and therefore extrinsic
evidence should be admissible and that a fact question has been raised
regarding the intent of the grantors.

Restraint on Alienation

Since 1890, the United States Supreme Court has
held that the right of alienation is an inherent and
inseparable quality of a fee simple estate.  Potter v. Couch, 141 U.S. 296, 315, 11 S. Ct. 1005, 1010, 35 L. Ed. 721 (1890).  This principle has been considered
well-settled in this state prior to 1909.  See Diamond v. Raton, 58 Texas Civ. App. 263, 267, 124 S.W. 196 (“That a general restraint upon
the power of alienation, when incorporated in a deed or will otherwise
conveying a fee-simple right to the property is void, is now too well settled
to require discussion.” (internal citations omitted)).

The language of the provision is unique and
certain aspects of it may be less than clear.  But when the clause prohibiting
conveyance of the property during their lifetime and the clause giving the
right to dispose by will or other testamentary document are considered
together, it is evident that the grantor tried to prevent the grantees from
having the ability to dispose of the property during their lifetime.  Such a limitation on the ability to convey what is otherwise a fee
simple conveyance is void.  Frame v. Whitaker, 120 Tex. 53, 36 S.W.2d
149, 151 (1931); Laval v. Staffel, 64 Texas 370; Bouldin v. Miller, 87 Texas 359, 28 S.W. 940; Hamilton v. Jones, 32 Texas Civ. App. 598, 75 S.W. 554.

We hold that the complained-of provision in the
1956 deed was an impermissible restraint on alienation during the life of Ira
Griffin and Ollie Griffin, and was therefore, void.

Life Estate or Fee Simple?

We must then determine whether Virgil Griffin
established, as a matter of law, that the deed conveyed fee simple title to Ira
Griffin and Ollie Griffin or whether Naith Griffin, Jr. either established as a
matter of law or raised a fact question that the deed conveyed merely a life
estate.  We think that this deed, when viewed and construed in its entirety,
clearly evidences the purpose to convey the fee simple title to the land to Ira
Griffin and Ollie Griffin.  The general language of the deed, including the
title as a general warranty deed, the words “grant, sell, and convey,” and “[to
have and to hold] the above described premises, …, unto the said Ira Griffin
and Ollie Griffin, their heirs and assigns forever,”  indicate an intent to
convey fee simple title to Ira Griffin and Ollie Griffin.  See O'Connor v.
Thetford, 174 S.W. 680 (Tex. Civ. App.—San Antonio, 1915, writ ref'd). 
Further, the language in the restriction on alienation contains language that
the property could not be sold, but that “any instrument other than a will or
other testamentary document” conveying the real property would be void.  It
does not, however, contain any condition for what would happen to the property
in the event Ira Griffin or Ollie Griffin attempted to convey it prior to their
deaths.  We do not find that the deed is ambiguous.  We find that Virgil
Griffin established, as a matter of law, that the deed conveyed fee simple
title to Ira Griffin and Ollie Griffin, and that Naith Griffin, Jr. did not
present summary judgment evidence raising a genuine issue of material fact.  See City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678-79 (Tex. 1979).  We do not find that the evidence presented by Naith Griffin, Jr. regarding his
purported ownership of the property rises to a level that would enable
reasonable, fair-minded persons to differ in their conclusions.  Havner,
953 S.W.2d at 711.  Consequently, we do not find that Naith Griffin, Jr.
established that there was a conveyance of a life estate as a matter of law or
that his summary judgment evidence raises a fact issue in regard to the 1956
deed.  We find that the trial court properly granted the motion for summary
judgment on the declaratory judgment claims in favor of Virgil Griffin, but
only insofar as the trial court determined that the deed restriction was void,
that the property was conveyed in fee simple to Ira Griffin and Ollie Griffin,
and therefore, they had the right to convey the property.

Trespass to Try Title

A trespass to try title action is a procedure by
which claims to title or the right of possession may be adjudicated.  Rogers v. Ricane Enterprises, Inc., 884 S.W.2d 763, 768, 37 Tex. Sup. Ct. J. 995 (Tex. 1994).  The plaintiff in a trespass to try title action must
recover, if at all, on the strength of its own title and not on the weakness of
the defendant’s title.  Rogers, 884 S.W.2d at 768; Adams v. Rowles,
149 Tex. 52, 56, 228 S.W.2d 849, 853 (1950).  The plaintiff has the burden to
establish superior title by showing it has: (1) title emanating from the
sovereignty of the soil; (2) a superior title in itself emanating from a common
source to which the defendant claims; (3) title by adverse possession; or (4)
title by earlier possession coupled with proof that possession has not been
abandoned.  Rogers, 884 S.W.2d at 768; see also Land v. Turner,
377 S.W.2d 181, 183, 7 Tex. Sup. Ct. J. 237 (Tex. 1964).

Naith Griffin, Jr. does not challenge the granting
of the traditional motion for summary judgment as to the trespass to try title
claims beyond his challenge to the ownership of the property; therefore, other
than the determination regarding the interpretation of the 1956 deed, the
judgment has not been challenged.  However, when a claim that affects the
ultimate determination of ownership of the land has not been properly included
in the order granting the summary judgment, the summary judgment as to the
trespass to try title causes of action is also improper.  The determination of the
validity of the 1986 deeds, which affects the ultimate determination of the
present ownership of the land, must be decided prior to the final determination
of the trespass to try title claims.  We sustain the portion of Naith Griffin,
Jr.’s second issue complaining of the granting of the motion for summary
judgment regarding the trespass to try title claims only as that issue relates
to the ultimate issue of the present ownership of the real property.  The other
elements of the trespass to try title suit have not been challenged in this
appeal and therefore, are affirmed.  See Tex. R. App. P. 38.1. 

Bad Faith and Harassment

            Naith Griffin, Jr. claimed that the pleadings filed by Virgil Griffin
were filed in bad faith and for the purposes of harassment.  In his third
issue, Naith Griffin, Jr. complains that the trial court erred in granting
Virgil Griffin’s no-evidence motion for summary judgment on this claim. 
However, he presents no authorities in support of this contention, nor does he
provide appropriate citations to the record.[2] 
We find this portion of Naith Griffin, Jr.’s third issue to be inadequately
briefed, and therefore, waived.  See Tex.
R. App. P. 38.1(i).

Conclusion

            We find that the trial court erred in dismissing claims that were not
included in Virgil Griffin’s motions for summary judgment, and as such, that
this judgment is erroneously final.  We find that the trial court did not err
in granting Virgil Griffin’s traditional and no-evidence motions for summary
judgment only insofar as they related to the interpretation of the 1956 deed,
as to Naith Griffin, Jr.’s claims for bad faith, harassment, and to the
declaratory judgments as it relates to the interpretation of the 1956 deed.  We
affirm the trial court’s judgment in those regards.  We find that the claims
regarding the 1986 deeds, the partition claim, and ultimately, the
determination of the present owner of the property as it relates to both
parties’ declaratory judgment claims and their respective trespass to try title
claims, are reversed and remanded to the trial court for further proceedings in
accordance with this opinion.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before Chief Justice
Gray,

            Justice
Reyna, and

            Justice Davis

Affirmed in part,
Reversed and remanded in part

Opinion delivered and
filed January 13, 2010

[CV06]









[1]
Naith Griffin, Jr. does not challenge the sufficiency of the pleadings of the
no-evidence motion in this appeal.





[2]
Naith Griffin, Jr.’s citations to the record on this issue are “Defendant’s
Response and First Amended Response and Counter-Motion, C.R. 6 and 8, Tabs A
and L.”  The other citations to the record are the same except they reference
tabs B, Q, and R.  These documents cover approximately 350 pages in the clerk’s
record.