# NO. 12-21-00174-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *J. MICHAEL TINER AND MARTHA TINER,*<br>*APPELLANTS* | § | *APPEAL FROM THE 294TH* |
| | § | *JUDICIAL DISTRICT COURT* |
| *V.* | | |
| *CYNTHIA TINER JOHNSON,*<br>*APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

## *OPINION*

Appellants J. Michael Tiner and Martha Tiner appeal from the trial court's granting of summary judgment, followed by the entry of a final judgment, in favor of Appellee Cynthia Tiner Johnson in Johnson's suit seeking a declaration that an option contract to purchase land is illegal and void, as well as removal of a cloud on her title. The Tiners also argue that the trial court erred by failing to reform the option to comply with the rule against perpetuities, and they maintain that the trial court erred by dismissing their counterclaim for breach of contract. We affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 8, 1989, Johnson and the Tiners executed a Purchase and Sale Agreement ("the Agreement") regarding real property located in Van Zandt County, Texas. Under the Agreement, the Tiners were the sellers, and Johnson was the buyer, of a fifty percent interest in the subject tract, for a purchase price of $50,800.87. Section 9 of the Agreement is entitled "OPTION and RIGHT OF FIRST REFUSAL." Subsection 9.1 of the Agreement, entitled "Option," provides as follows, in pertinent part:

Purchaser hereby grants to Seller the option (the "Option") . . . to repurchase the Property and any improvements subsequently located or constructed thereon . . . from Purchaser in accordance with the following requirements:

(1) Seller must provide Purchaser with thirty (30) days['] advance written notice of its intent to exercise this Option;

(2) The consummation of the reconveyance of the Property and any new Improvements from Purchaser to Seller (the "Option Closing") shall occur within thirty (30) days of Seller's notice of its intent to exercise the Option;

(3) At the Option Closing, Seller shall pay Purchaser a purchase price equal to the total of (i) the Purchase price . . . (iii) plus one-half (1/2) of the fair market value of all New Improvements, if any, located on the Property. . . .

Subsection (6) of Section 9.1 provides that the "Option shall commence upon the Closing, and shall automatically terminate on March 31, 2089[,] at 11:59 p.m."[1] In addition, Section 10.10 states that the Agreement "shall bind and inure to the benefit of Seller and Purchaser and their respective heirs, administrators, executors, successors[,] and assigns."

On March 17, 2019, Johnson filed a lawsuit against the Tiners, seeking a declaration that the option is void because it constitutes an unreasonable restraint on alienation and violates the rule against perpetuities. Johnson also sought removal of the cloud on her title caused by the option. In her petition, Johnson asserted that the Agreement unambiguously provides that the option does not expire upon the death of either the seller or the purchaser. Johnson alleged that the Agreement and the recorded Memorandum of Option and Right of First Refusal created a cloud on her title because the "purported 'Option' . . . by its terms, may be exercised at any time before March 31, 2089, at 11:59 p.m." Johnson sought (1) a declaratory judgment that the option is illegal and void, and she therefore has no obligation to convey any interest in the property to the Tiners, (2) "an equitable decree removing the cloud on [her] title to the Property caused by the recorded Purchase and Sale Agreement and the recorded Memorandum of Option and Right of First Refusal[,]" (3) costs, and (4) attorney's fees. Johnson pleaded that on March 20, 2019, an attorney representing the Tiners sent her a notice letter, which stated that the Tiners intend "to exercise their Option to repurchase their full fifty percent (50%) beneficial interest in the [p]roperty as set forth in Section 9.1 of the Agreement." The letter stated that pursuant to the Agreement, the Tiners would pay a purchase price of $50,800.87 plus closing costs and recording fees. The notice letter stated that the Tiners filed the Agreement, as well as a document entitled "Memorandum of Option and Right of First Refusal," in the official public records of Van Zandt County, Texas, on March 23, 2018.

---

[1] Subsection 9.2 of the Agreement gave the Tiners a right of first refusal.

In their answer, the Tiners pleaded the affirmative defenses of (1) "unclean hands and/or estoppel," (2) statute of limitations "and/or the doctrine of laches[,]" (3) waiver, (4) consent, and (5) acts of third parties over whom they lacked control. The Tiners also asserted a counterclaim for breach of contract, based upon Johnson's refusal to convey the 50% interest in the property. Johnson entered a general denial of the allegations contained in the Tiners' counterclaim and also asserted that the option violated the rule against perpetuities and constitutes an unreasonable restraint on alienation.

Johnson filed a hybrid motion for summary judgment, in which she sought (1) a traditional motion for summary judgment as to her claims and the Tiners' counterclaim, and (2) a no-evidence summary judgment as to the Tiners' affirmative defenses. Johnson argued that the option is void because it violates the rule against perpetuities and constitutes an unreasonable restraint on alienation, and she asserted that there was no evidence of the Tiners' affirmative defenses. Johnson's motion requested a declaratory judgment that the option is illegal and void and she is not obligated to convey any interest in the property to the Tiners; an equitable decree removing the cloud on her title caused by the recorded Agreement and "the recorded Memorandum of Option and Right of First Refusal;" costs; post-judgment interest; necessary writs and processes to enforce the trial court's judgment; and judgment that the Tiners take nothing as to their counterclaim. In addition to the Agreement and other documents related to the 1989 transaction between Johnson and the Tiners, Johnson attached as summary judgment evidence a signed contract to sell the property to a third party for $600,100.

In their response to Johnson's motion for summary judgment, the Tiners asserted that the option is enforceable because it is for a "limited and specific" duration, and the right to exercise the option is personal to the Tiners and does not pass to their heirs, administrators, executors, successors, and assigns. Specifically, the Tiners asserted that the option is not an unreasonable restraint on alienation and does not violate the rule against perpetuities, and they argued that genuine issues of material fact exist as to their affirmative defenses.

The Tiners filed a motion for leave to file an amended answer and a supplemental response to Johnson's motion for summary judgment. In their motion for leave, the Tiners asserted that Section 5.043 of the Texas Property Code mandates reformation of "commercial instruments creating property interests that violate the Rule against Perpetuities[,]" including the Agreement. *See Yowell v. Granite Operating Co.*, 620 S.W.3d 335 (Tex. 2020). The Tiners sought "to assert

reformation as an affirmative defense" and "leave to file a Supplemental Response to Plaintiff's Motion for Summary Judgment." In her response to the Tiners' motion for leave, Johnson asserted that the motion should be denied because it ignores her argument that the option constitutes an unreasonable restraint on alienation and that the motion "is based entirely on a recent case that has no bearing on any issue before the Court." Johnson maintained that the trial court should grant her motion for summary judgment "based on the legal conclusion that the purported option is an unreasonable restraint on alienation."

The trial court did not rule on the Tiners' motion for leave. The trial judge signed an order granting Johnson's motion for summary judgment, and two days later, the trial court signed a final judgment, in which it stated that its ruling on Johnson's motion for summary judgment resolved all issues and ordered that (1) the Tiners' "alleged option" to repurchase a fifty percent interest in the property "is illegal and void[,]" (2) Johnson is not obligated to convey any interest in the property to the Tiners, (3) the cloud on Johnson's title caused by the recorded Agreement and the recorded "Memorandum of Option and Right of First Refusal" is removed,[2] (4) Johnson would recover costs, (5) Johnson is awarded post-judgment interest, (6) Johnson would have all writs and processes that may be necessary to enforce the trial court's judgments and decrees, and (7) the Tiners take nothing as to their counterclaim. The Tiners filed a motion for new trial, which the trial court denied in a written order. This appeal followed.

## UNREASONABLE RESTRAINT ON ALIENATION

In issue one, the Tiners argue that the trial court erred by granting summary judgment in favor of Johnson because the agreement does not constitute an unreasonable restraint on alienation and does not violate the rule against perpetuities. Because the issue of whether the option constitutes an unreasonable restraint on alienation is dispositive, we address it first.

---

[2] The trial court's final judgment declared the option in the Agreement void and also declared the recorded document entitled "Memorandum of Option and Right of First Refusal" void. Johnson's motion for summary judgment did not seek a declaration or any other relief regarding the right of first refusal, and Johnson's motion did not even refer to the right of first refusal. A summary judgment is presumed to dispose of only those issues expressly presented to the trial court. *City of Beaumont v. Guillory*, 751 S.W.2d 491, 492 (Tex. 1988). Accordingly, we presume that by referencing the document with the phrase "right of first refusal" in its title, the trial court did not intend to rule as to the validity of the right of first refusal. *See id*; *see also* TEX. R. CIV. P. 166a(c). Therefore, we will not modify the trial court's final judgment.

4

**Summary Judgment Standard of Review**

We review a trial court's summary judgment order de novo. ***Provident Life & Accident Ins. Co. v. Knott***, 128 S.W.3d 211, 215 (Tex. 2003). When, as here, the trial court's order granting summary judgment does not specify the grounds relied on for its ruling, "we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious." *Id*. at 216.

The movant for traditional summary judgment must establish that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); ***Randall's Food Mkts., Inc. v. Johnson***, 891 S.W.2d 640, 644 (Tex. 1995). A defendant who conclusively negates at least one essential element of the nonmovant's cause of action is entitled to summary judgment as to that cause of action. *See **Johnson***, 891 S.W.2d at 644. If the moving party produces evidence entitling it to summary judgment, the burden shifts to the nonmovant to present evidence that raises a material fact issue. ***Walker v. Harris***, 924 S.W.2d 375, 377 (Tex. 1996). In determining whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. ***Nixon v. Mr. Prop. Mgmt. Co.***, 690 S.W.2d 546, 548-49 (Tex. 1985). We review the summary judgment record "in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." ***City of Keller v. Wilson***, 168 S.W.3d 802, 824 (Tex. 2005).

**Analysis**

The relevant facts, including the 1989 Agreement and the Tiners' 2019 attempt to exercise the fixed-price option contained therein, are not in dispute. Rather, this appeal turns upon the legal question of whether, in ruling upon Johnson's motion for summary judgment, the trial court correctly concluded that the option either constitutes an unreasonable restraint on alienation or violates the rule against perpetuities. Because the trial court did not specify the ground upon which it granted summary judgment, we may affirm the trial court's judgment if we conclude that summary judgment was proper as to either of the grounds Johnson asserted in her motion. *See **Knott***, 128 S.W.3d at 216.

The common law regarded the tying up of property as an evil, and two doctrines were therefore established to prevent it: (1) the rule that all interests should be alienable and (2) the rule against perpetuities. ***O'Connor v. Thetford***, 174 S.W. 680, 681 (Tex. Civ. App.—San Antonio 1915, writ ref'd). An unreasonable restraint on alienation is void. ***Gray v. Vandver***, 623 S.W.2d

5

172, 174 (Tex. App.—Beaumont 1981, no writ). Texas courts have looked to the Restatement of Property to determine issues regarding alleged unreasonable restraints on alienation, and we will do likewise. *See, e.g.*, **Sonny Arnold, Inc. v. Sentry Sav. Ass'n**, 633 S.W.2d 811, 813-15 (Tex. 1982) (citing RESTATEMENT OF PROPERTY §§ 401, 404 (1944)); **Randolph v. Terrell**, 768 S.W.2d 736, 738-39 & n.1, 3 (Tex. App.—Tyler 1987, writ denied) (citing RESTATEMENT (SECOND) OF PROPERTY (DONATIVE TRANSFERS) §§ 3.1-3.4, 4.2(3), 4.4 (1983)); **Perritt Co. v. Mitchell**, 663 S.W.2d 696, 698 (Tex. App.—Fort Worth 1983, writ ref'd n.r.e.) (citing RESTATEMENT OF PROPERTY § 413 (1944)).

Section 404 of the original Restatement of Property defines a restraint on alienation as "an attempt by an otherwise effective conveyance or contract to cause a later conveyance . . . to impose contractual liability on the one who makes the later conveyance when such liability results from a breach of an agreement not to convey; or . . . to terminate or subject to termination all or part of the property interest conveyed." RESTATEMENT OF PROPERTY § 404(1)(b), (c). In **Randolph v. Terrell**, this Court considered whether an option agreement contained in a deed constituted an unreasonable restraint against alienation. **Randolph**, 768 S.W.2d at 737. The option at issue in **Randolph** gave the sellers the right to repurchase the property from the buyer for a fixed price of $2,220. **Id**. Using the guidelines set forth in the Restatement (Second) of Property,[3] this Court concluded that the option granted the seller the right to repurchase the land during the sellers' lifetimes for a fixed price, plus the market value of any improvements made by the buyer. **Id**. at 739. This Court further concluded that because "[t]he option retained by the vendors was to last only for their lifetimes," the duration of the option was "sufficiently limited," that it did not constitute an unreasonable restraint on alienation, and that the option would expire upon the death of the surviving seller. **Id**. at 739-40.

In **Procter v. Foxmeyer Drug Company**, the Dallas Court of Appeals was called upon to determine whether an option constituted an invalid restraint on alienation. **Procter v. Foxmeyer Drug Co.**, 884 S.W.2d 853 (Tex. App.—Dallas 1994). In **Procter**, the appellant and the appellee

---

[3] The Restatement (Second) of Property (Donative Transfers) provides that the factors to consider in determining the reasonableness of the restraint include whether (1) the restraint is limited in duration, (2) the restraint is limited to permit a substantial variety of types of transfers, (3) the restraint is limited as to the number of persons to whom transfer is prohibited, (4) the restraint tends to increase the value of the subject property, (5) the restraint is imposed upon an interest that is not otherwise readily marketable, or (6) the restraint is imposed upon property that is not readily marketable. RESTATEMENT (SECOND) OF PROPERTY (DONATIVE TRANSFERS) § 4.2(3)(a)-(f) (1981); *see* **Randolph v. Terrell**, 768 S.W.2d 736, 738 (Tex. App.—Tyler 1987, writ denied).

signed a merger agreement, which provided that if a warehouse were no longer being used to conduct business, appellant retained the option to repurchase the warehouse "for a purchase price equal to the book value as set forth on the Final Balance Sheet of such facility and fixtures." *Id*. at 856. Another paragraph of the merger agreement provided that all of the agreement's terms and provisions "shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns." *Id*. at 857. The appellee filed suit, seeking a declaratory judgment that the option constituted an unreasonable restraint on alienation, and the trial court granted appellee's motion for summary judgment and found that the option was "unenforceable and void as an unreasonable restraint on alienation." *Id*. The ***Procter*** court concluded that the fixed-price purchase option, which was of unlimited duration, was void because it constituted "an unreasonable restraint on alienation as a matter of law." *Id*. at 862. In addition, the ***Procter*** court held that because it determined that the option was void as a matter of law, any fact issue regarding breach of the void option would be immaterial. *Id*. In performing its analysis, the ***Procter*** court discussed three policy reasons for the rule preventing unreasonable restraints on alienation, as set forth in the original Restatement of Property: (1) balancing the current property owner's desire to prolong his control over the property and a latter owner's desire to be free from the dead hand, (2) better utilization of society's wealth by reducing fear due to uncertain investments and helping assets to flow to those who would put the assets to their best use, and (3) keeping property available to satisfy the owner's current exigencies, thereby stimulating the competitive theory basis of the economy. *Id*. (citing RESTATEMENT OF PROPERTY, Pt. I, intr. note (1944)).

The Restatement (Third) of Property reworded the original Restatement's provisions regarding restraints on alienation. *See **Navasota Resources, L.P. v. First Source Tex., Inc.***, 249 S.W.3d 526, 538 (Tex. App.—Waco 2008, pet. denied). Section 3.1(3) of the Restatement (Third) of Property provides that a servitude[4] is invalid as violative of public policy if it "imposes an *unreasonable* restraint on alienation under § 3.4 or § 3.5." RESTATEMENT (THIRD) OF PROPERTY: SERVITUDES § 3.1(3) (2000) (emphasis added). "A servitude that imposes a direct restraint on alienation of the burdened estate is invalid if the restraint is unreasonable. Reasonableness is determined by weighing the utility of the restraint against the injurious consequences of enforcing

---

[4] The Restatement (Third) of Property: Servitudes defines "servitude" as "(1) . . . a legal device that creates a right or an obligation that runs with land or an interest in land." RESTATEMENT (THIRD) OF PROPERTY: SERVITUDES § 1.1 (2000).

the restraint." *Id*. § 3.4. The rule set forth in Section 3.4 "applies to servitudes that directly restrain alienation of interests in land," including "options to purchase land[.]" *Id*. § 3.4, cmt. b.

An option constitutes a promissory restraint on alienation. *Randolph*, 768 S.W.2d at 738-39. Direct restraints on alienation are valid only if they are reasonable. RESTATEMENT (THIRD) OF PROPERTY: SERVITUDES § 3.4. "The harmful effects that may flow from restraints on alienation include impediments to the operation of a free market in land, limiting the prospects for improvement, development, and redevelopment of land, and limiting the mobility of landowners and would-be purchasers." *Id*. § 3.4, cmt. c. "In determining the injurious consequences likely to flow from enforcement of a restraint on alienation, the nature, extent, and duration of the restraint are important considerations." *Id*. "The standard against which the impact of a restraint is to be measured is that of the property owner free to transfer property at his or her convenience at a price determined by the market." *Id*. The more a restraint interferes with the owner's ability to transfer, the stronger the purpose justifying a direct restraint on alienation must be. *Id*. The reasonableness of an option to purchase land is determined by the duration of the option and its price. *Id*. § 3.4, cmt. e. "If the price is fixed, the effect of the option is to discourage the improvement of the land, and the option is unreasonable unless its duration is specified." *Id*. "Even if the duration is specified, an option for a lengthy period may be unreasonable unless the length is justified by the purpose, or unless it is clear that the parties expressly bargained over the specified duration." *Id*.

As set forth in the Restatement (Third) of Property, we determine the reasonableness of the option in this case by weighing the utility of the restraint against the injurious consequences of enforcing the restraint, and we examine the option's duration and price. *Id*. §§ 3.1, 3.4, 3.4 cmt. e. The price of the option in this case is fixed at $50,800.87, and the Agreement provides that the option will not expire until March 31, 2089, at 11:59 p.m., over one hundred years after the parties executed the Agreement. Moreover, the Agreement states that it shall bind and inure to the benefit of the buyers, the sellers, and their heirs, administrators, executors, successors, and assigns.

The facts presented here are not identical to the facts in either *Randolph* or *Procter*; however, because the price of the option is far below the land's present market value and the duration of the option is approximately one hundred years (during which it would also pass to the heirs, administrators, executors, successors, and assigns of both parties), we conclude that this case is more closely analogous to the facts presented in *Procter*. Upon weighing the utility of the restraint against the injurious consequences of enforcing it, we conclude that the fixed-price option

8

for such a lengthy period constitutes an unreasonable restraint on alienation because its length is not justified by its purpose, and it is not clear that the parties expressly bargained over the duration of the option. *Id*. § 3.4, § 3.4 cmt. e; *see also Procter*, 884 S.W.2d at 857, 862. Therefore, summary judgment in favor of Johnson on the ground that the option is void because it constitutes an unreasonable restraint on alienation was proper, and we need not address Johnson's argument regarding the rule against perpetuities. *See* TEX. R. APP. P. 47.1; *Knott*, 128 S.W.3d at 216; *Johnson*, 891 S.W.2d at 644; *see also generally Meduna v. Holder*, No. 03-02-00781-CV, 2003 WL 22964270, at *5 (Tex. App.—Austin Dec. 18, 2003, pet. denied) (mem. op.) (holding that an unreasonable restraint on alienation is void and unforceable, but the entire deed is not rendered void). We overrule issue one.

## REFORMATION OF THE OPTION

In issue two, the Tiners argue that the trial court erred by failing to reform the option to comply with the rule against perpetuities. Specifically, the Tiners assert that the Texas Supreme Court's opinion in *Yowell v. Granite Operating Company* and Section 5.043 of the Texas Property Code mandate reformation rather than declaring the option void.

Section 5.043(a) of the Texas Property Code, which is entitled "Reformation of Interests Violating Rule Against Perpetuities," provides that "[w]ithin the limits of the rule against perpetuities, a court shall reform or construe an interest in real or personal property that violates the rule to effect the ascertainable general intent of the creator of the interest." TEX. PROP. CODE ANN. § 5.043(a) (West 2021). The statute also states that courts "shall liberally construe and apply this provision to validate an interest to the fullest extent consistent with the creator's intent." *Id*. In *Yowell*, the Texas Supreme Court held that Section 5.043 "imposes a duty on courts to reform or construe property interests that violate the [r]ule [against perpetuities]." *Yowell*, 620 S.W.3d at 352. The *Yowell* court was not presented with arguments regarding an alleged violation of the rule against unreasonable restraints on alienation. *See id*. at 340. We therefore conclude that *Yowell* is inapposite.

Section 5.043 of the Texas Property Code speaks solely of reforming interests that violate the rule against perpetuities; that is, Section 5.043 does not reference interests that violate the rule prohibiting unreasonable restraints on alienation, and Section 5.043 does not require that unreasonable restraints on alienation be reformed. *See* TEX. PROP. CODE ANN. § 5.043. In

9

construing a statute, we begin with the plain and common meaning of its words. ***Kruse v. Henderson Tex. Bancshares, Inc.***, 586 S.W.3d 118, 121 (Tex. App.—Tyler 2019, no pet.). "Words and phrases shall be read in context and construed according to the rules of grammar and common usage." ***Id***. at 121-22 (citing TEX. GOV'T CODE ANN. § 311.011(a) (West 2013)). "We presume that every word of the statute has been used for a purpose, and that every word excluded from the statute has also been excluded for a purpose." ***Id***. (citing ***Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer***, 904 S.W.2d 656, 659 (Tex. 1995)).

The Tiners cite no authorities for the proposition that Section 5.043 also applies to interests that violate the rule prohibiting unreasonable restraints on alienation, and we are aware of none. Applying the rules of statutory construction to Section 5.043 of the Texas Property Code, we conclude that if the Legislature intended Section 5.043 to require reformation of interests that violate the rule against unreasonable restraints on alienation, it would have said so. *See **id***. We must presume that the Legislature's omission of the rule against unreasonable restraints on alienation from the explicitly stated purview of Section 5.043 was purposeful. *See **id***. Therefore, we conclude that Section 5.043 does not require reformation of interests that violate the rule prohibiting unreasonable restraints on alienation, and the trial court did not err by declaring the option void rather than reforming it. *See **id**.*; *see also generally **Gray***, 623 S.W.2d at 174. Accordingly, we overrule issue two.

## COUNTERCLAIM FOR BREACH OF CONTRACT

In issue three, the Tiners contend that the trial court erred by dismissing their counterclaim. Specifically, the Tiners assert that Johnson failed to convey title to the subject property pursuant to the purported option to repurchase the property. As explained above, we conclude that the trial court did not err by finding that the option constitutes an unreasonable restraint on alienation, declaring the option void, and granting summary judgment in favor of Johnson. *See **Meduna***, 2003 WL 22964270, at *5; ***Gray***, 623 S.W.2d at 174.

A void agreement is no agreement at all; that is, it binds no one and is a mere nullity. ***XTO Energy, Inc. v. Goodwin***, 584 S.W.3d 481, 494 (Tex. App.—Tyler 2017, pet. denied) (citing ***Watts v. Pilgrim's Pride Corp.***, No. 12-04-00082-CV, 2005 WL 2404111, at *3 (Tex. App.—Tyler Sept. 30, 2005, no pet.) (mem. op.)). Furthermore, a void agreement has no legal effect and cannot be rendered enforceable by defenses, such as waiver, estoppel, or ratification. ***Watts***, 2005 WL

10

2404111, at *3. Because the option contained in the Agreement constitutes an unreasonable restraint on alienation and is void, it is axiomatic that the Tiners cannot enforce the option by asserting a counterclaim for breach of contract. *See Goodwin*, 584 S.W.3d at 494; *Watts*, 2005 WL 2404111, at *3. Therefore, the trial court did not err by granting summary judgment in favor of Johnson as to the Tiners' counterclaim for breach of contract. Accordingly, we overrule issue three.

## DISPOSITION

Having overruled each of the Tiners' issues, we ***affirm*** the trial court's judgment. All pending motions are ***overruled as moot***.

JAMES T. WORTHEN
Chief Justice

Opinion delivered June 8, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

11



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 8, 2022**

**NO. 12-21-00174-CV**

**J. MICHAEL TINER AND MARTHA TINER,**
Appellants
V.
**CYNTHIA TINER JOHNSON,**
Appellee

---

Appeal from the 294th District Court
of Van Zandt County, Texas (Tr.Ct.No. 19-00093)

---

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, all costs of this appeal are assessed against the Appellants, **J. MICHAEL TINER AND MARTHA TINER**, and that the decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*